Per Curiam.

Defendants, on January 19, 1948, made a contract for the purchase of ninety lots for $29,250. The contract was in writing, and it was specified that the lots were sold subject to covenants, restrictions and easements of record. There was a restriction on the property limiting the purchasers to building one house on two lots. On February 5, 1948, defendants assigned their contract to purchase to plaintiff for $4,500, and the original contract of purchase was initialed by the parties and specifically made a part of the contract of assignment. The contract of assignment also included a clause that “ In the event the Home Title Insurance Company shall refuse to insure good and marketable title to at least 80 of the 90 lots * * * ” the agreement might be declared null and the assignee would be entitled to the return of his deposit of $2,500, which is the subject of this present lawsuit.
As must have been expected by all parties, the insurance company reported that it was prepared to insure title subject to the covenants and restrictions excepted by the main contract, as previously indicated. Plaintiff then demanded the return of the $2,50Q deposit on the ground that the title was not marketable. But defendants did not purport to assign a contract for the purchase of completely unencumbered or unrestricted property, nor can it be said that the plaintiff did not have notice of the restrictions on the property, since the contract was incorporated in the assignment.
It was stated in the original contract that the seller did not actually have title to all the lots, and that seems to have been the meaning of the clause permitting the abandonment of the contract if the title company should refuse to insure good and marketable title to at least eighty of the ninety lots. It was provided that for every lot not tendered there would be appropriate allowances.
It could not have been the expectation of the plaintiff that the assignor would clear the title of the restrictions mentioned in the contract that was assigned, and it likewise could not have been plaintiff’s expectation that there would be title insurance any broader in its scope than the condition of the property as described in the contract of sale justified.
The judgment should be reversed and the complaint dismissed, with costs to appellants. The appeal from the order denying the motion to resettle the case on appeal should be dismissed.